## NORRIS FINLEY V. STATE

No. 29,647. April 9, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 21, 1958.

*Louis W. Woosley*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Ben F. Ellis*, and *John Orvis*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, sixty days in jail and a fine of $250.

Their attention being called to an automobile running a flashing red light, Police Officers Fowler and Hudson pursued it east on Jefferson Blvd. and finally stopped it. Appellant was identified as the driver and sole occupant of the automobile, and the officers as well as Police Sergeant Hunter, who responded to the call, described his appearance, speech and breath odor and based upon such, and their experience in such matters, expressed the opinion that appellant was intoxicated.

Appellant testified, as did his witnesses, that he had consumed three mixed drinks containing some three ounces of whiskey, the last at about 3 A.M., some hour before his arrest. He and his witnesses denied that he was intoxicated.

The jury resolved the issue of appellant's intoxication against him and the evidence is sufficient to sustain its finding.

Complaint is made by several informal bills of various rulings of the court relating to evidence admitted and excluded, among them being:

The introduction of two traffic tickets issued to appellant after he was stopped by the officers.

The court admitted as evidence only the signature of appellant, one signed "Norris Finley" and the other "Finley Norris."

The testimony of the officers showed that appellant committed the offenses for which the traffic tickets were issued while they were following him and just prior to their overtaking him and finding that he was intoxicated. We see no error.

Officer Fowler testified that when they got appellant to jail they were told to take him over to the doctor in the basement. This, appellant contends, left the impression with the jury that he was offered an alcoholic test and was prejudicial.

The objection that the testimony was irrelevant and prejudicial was made after it had been given and the court was not asked to withdraw it or to declare a mistrial. We do not

agree that the statement was prejudicial, or that the error, if any, would be ground for reversal.

The statement attributed to appellant at the time he was arrested, to the effect that he had drunk "a hell of a lot of whiskey" and the testimony showing that he "used very bad profanity" directed toward the officers, was admissible as res gestae.

The evidence shows that appellant was driving the automobile on Jefferson when the officers were following him; "Jefferson Avenue in the City and County of Dallas, State of Texas— a boulevard."

We overrule the contention that there is not sufficient evidence to support a finding that appellant drove an automobile on a public street and highway in Dallas County.

The judgment is affirmed.

Opinion approved by the Court.